NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0298n.06

No. 21-2995

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ALLIANCE HEALTH AND LIFE )
INSURANCE COMPANY, )
         )
    Plaintiff-Appellant, )
         )
v. )
         )
AMERICAN NATIONAL INSURANCE )
COMPANY, )
         )
    Defendant-Appellee. )

**FILED**
Jul 22, 2022
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Before: BOGGS, LARSEN, and DAVIS, Circuit Judges.

LARSEN, Circuit Judge. Alliance Health and Life Insurance Company sued American National Insurance Company for breaching a Medical Excess Reinsurance Agreement. American National moved to dismiss, seeking to enforce an arbitration provision in the Agreement. The parties quarreled about whether a three-year limitation in the contract on commencing arbitration precluded arbitration. Recognizing that this was a question for an arbitrator, not the court, the district court dismissed the complaint. We AFFIRM.

I.

Alliance Health and Life Insurance Company and American National Insurance Company entered into a Medical Excess Reinsurance Agreement, effective January 1, 2016. American National agreed "to reinsure [Alliance Health] as a result of any loss or losses which may occur during the term of this Agreement arising out of any and all claims for a medical service or supply incurred during the term of this Agreement that is covered under a Policy." The Agreement

contained an arbitration provision, which provided that, "[a]s a precedent to any right of action under this Agreement, if any dispute shall arise between [Alliance Health] and [American National] with reference to the interpretation of this Agreement or their rights with respect to any transaction involved, whether such disputes arise before or after termination of this Agreement, such dispute, upon the written request of either party, shall be submitted to three arbitrators." The Agreement also provided that "[n]o arbitration may be commenced more than 3 years after the Effective Date of this Agreement."

An individual insured by Alliance Health presented a claim for benefits. Alliance Health initially denied the claim on April 27, 2017, but changed course on June 29, 2018, providing coverage retroactively from January 1, 2014 through December 31, 2016. On December 20, 2018, Alliance Health sought almost $1 million in reinsurance coverage from American National for the claim. American National rejected the claim on the ground that the claimant was "not an eligible employee under the Group PPO purchased by her employer." It did so on September 23, 2019, which was more than three years after the effective date of the Agreement.

Invoking the court's diversity jurisdiction, Alliance Health sued American National in federal court. American National moved to dismiss on the ground that the Agreement required Alliance Health to submit its claim to arbitration. Alliance Health responded that because the claim was outside the Agreement's three-year limit for commencing arbitration, it could proceed in federal court. In reply, American National argued that the question whether the three-year time limitation applied was for an arbitrator, not the court, to decide. The district court agreed with American National and accordingly dismissed the suit. The court later clarified that the dismissal was without prejudice and that Alliance Health could refile its claim in federal court if the arbitrator did not resolve the entire dispute. Alliance Health appeals.

II.

"The Federal Arbitration Act reflects the basic principles that 'arbitration is a matter of contract' and that contracts must be enforced 'according to their terms.'" *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 844 (6th Cir. 2020) (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). Parties may contract "to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability.'" *Id.* (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019)).

The Supreme Court has drawn a distinction between two types of "questions of arbitrability." On the one hand, substantive questions, such as whether parties are bound by an arbitration clause or whether an arbitration clause covers a dispute, are presumptively for a judge to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84–85 (2002). Courts will send those questions to an arbitrator only if there is "clear and unmistakable evidence that the parties agreed to have an arbitrator decide such issues." *Blanton*, 962 F.3d at 844 (citation omitted and internal quotation marks omitted). On the other hand, procedural questions of arbitrability that "'grow out of the dispute and bear on its final disposition' are presumptively *not* for the judge, but for an arbitrator, to decide." *Howsam*, 537 U.S. at 84 (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)). Examples of procedural issues include questions involving "*time limits*, notice, laches, [and] estoppel." *Id.* at 85 (citation omitted).

Alliance Health presents both substantive and procedural questions on appeal. It argues that the dispute here is beyond the scope of an arbitration clause—a substantive question of arbitrability presumptively for a judge to decide. But Alliance Health did not raise this argument below. Although American National's motion to dismiss claimed that the dispute fell within the scope of the arbitration clause, Alliance Health did not respond to that point on the merits. Nor

did it claim that questions regarding the scope of an arbitration clause are presumptively questions for judicial resolution. Instead, Alliance Health's only response was that that the dispute fell outside the arbitration time limit. Alliance Health therefore has forfeited its substantive argument. *See United States ex rel. Dorsa v. Miraca Life Scis., Inc.*, 33 F.4th 352, 358–59 (6th Cir. 2022) (recognizing that the appellant had forfeited arguments regarding the scope of an arbitration clause by not raising them in the district court).

With respect to the time limit, Alliance Health renews its claim that the contract's three-year time limit applies; so in its view, the case should be in federal court, not arbitration. But the application of a contractual time limit is a quintessential question of procedural arbitrability. *See Howsam*, 537 U.S. at 85 (concluding that whether a six-year time limit on arbitration applied was a question "within the class of gateway procedural disputes" and was "a matter presumptively for the arbitrator, not for the judge"); *United Steelworkers of Am. v. Saint Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417, 422 (6th Cir. 2007) (en banc) ("What emerges [from Supreme Court caselaw] is a fairly straightforward rule: A time-limitation provision involves a matter of procedure; it is a condition precedent to arbitration; and it thus is presumptively a matter for an arbitrator to decide." (internal citations and quotation marks omitted)).

A presumption is, of course, just a presumption, and the opposing party may rebut it by pointing to contract language indicating that the parties agreed to leave the issue to the judge. *See Howsam*, 537 U.S. at 85; *United Steelworkers*, 505 F.3d at 422. But the time-limit provision here is not materially different than the one at issue in *Howsam*. There, the contract provided that "no dispute shall be eligible for submission [to an arbitrator] . . . where six (6) years have elapsed from the occurrence or event giving rise to the . . . dispute." *Howsam*, 537 U.S. at 82 (alterations in original). Here, the contract provides that "[n]o arbitration may be commenced more than 3 years

after the Effective Date of this Agreement." And Alliance Health points to no other language that might suggest an intent to assign the time-limit question to a judge. Consequently, the question whether the time limit applies is a procedural matter for an arbitrator to decide. *Id.* at 85.

Because Alliance Health fails to appreciate the distinction between substantive and procedural questions of arbitrability, its arguments as to who decides miss the mark. Alliance Health repeatedly casts the arbitration clause as "narrow." We are skeptical. After all, the clause covers "any dispute . . . with reference to the interpretation of this Agreement or their rights with respect to any transaction involved." And that language encompasses the determination of whether the contractual time limit precludes arbitration. Alliance Health also asserts that the arbitration clause contains no delegation clause or other clear and unmistakable evidence that the parties agreed to send questions of arbitrability to an arbitrator. But that argument is relevant only to Alliance Health's unpreserved substantive argument regarding the scope of the agreement, not to the procedural question of whether the time limit precludes arbitration. *See Howsam*, 537 U.S. at 85.

The district court did not err by sending this threshold question to the arbitrator.

* * *

We AFFIRM.